**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
awhitman@mjfwlaw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

**CARNEY BATES & PULLIAM, PLLC**
Hank Bates, California State Bar No. 167688
hbates@cbplaw.com
David Slade (to apply *pro hac vice*)
dslade@cbplaw.com
519 W. 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON EIDMANN, individually and on behalf of all others situated; <br><br> Plaintiff, <br><br> vs. <br><br> WALGREEN CO. an Illinois Corporation, <br><br> Defendant. | Case No. <br><br> CLASS ACTION COMPLAINT <br><br> 1. Violations of the False and Misleading Advertising Law, Cal. Bus. & Prof. C. §§ 17500, *et seq.* <br><br> 2. Violations of the Consumer Legal Remedies Act, Cal. Civ. C. §§ 1750, *et seq.* <br><br> 3. Violations of Unfair Competition Law, 'Unfair' and 'Fraudulent' Prongs, Cal. Bus. & Prof. C. §§ 17200, *et seq.* <br><br> 4. Violations of Unfair Competition Law, 'Unlawful' Prong, Cal. Bus. & Prof. C. §§ 17200, *et seq.* |

Plaintiff Cameron Eidmann ("Plaintiff"), by his undersigned counsel, on behalf of himself and all persons similarly situated who purchased Walgreens' store brand Infants' Pain & Fever Acetaminophen, brings this Class Action Complaint against Defendant Walgreen Co. ("Walgreens" or "Defendant"). Plaintiff alleges the following upon information and belief, except for those allegations that pertain to Plaintiff, which are based on Plaintiff's personal knowledge:

## NATURE OF THE ACTION

1.      Defendant is one of the biggest drugstore chains in the United States, operating over 9,000 mostly freestanding Walgreens stores throughout the United States, many of which are in California. Defendant's websites also allow consumers to purchase general merchandise—including over-the-counter drugs—online.

2.      Defendant has a portfolio of approximately 20 store brands (privately labeled), including the Walgreens' brand line of over-the-counter pain reliever and fever reducers, including Walgreens' Infants' Pain & Fever Acetaminophen ("Infants' Product" or the "Product").[1] Defendant positions this private label product as a "national brand equivalent," selling it alongside brand-name acetaminophen products, such as Infants' Tylenol and Children's Tylenol. Additionally, the front of the Product's outer packaging includes a banner at the top that states "Compare to Infants' Tylenol® active ingredient").

3.      Giving a child too much acetaminophen can be dangerous and even fatal, a problem that terrifies parents and causes them to be extra careful when buying medicine for their young children and babies. The FDA warns parents and caregivers to "[b]e very careful when you're giving your infant acetaminophen." Defendant's packaging for its Infants' Product exploits parents' fear of giving their children an improper (and possibly fatal) dosage or formulation.  Defendant does this by designing its packaging to mislead a parent into thinking that the Infants' Product is specially-formulated – or otherwise possesses some unique medicinal quality – to make it specifically appropriate for infants as opposed to older children. The front of a box of the Infants' Product

---

[1] Although the formulation is identical across all products, Defendant sells multiple types and flavors of the Infants' Product.  This action addresses all liquid versions of the Infants' Product.

contains representations which are likely to deceive consumers into believing the Infants' Product is specially formulated for infants or otherwise unique for infants.

4.      In reality, the medicine contained in a bottle of Infants' Product contains the same active ingredient and formulation (i.e. 160 mg per 4 mL of acetaminophen) that is contained in a bottle of Defendant's Children's Pain & Fever Acetaminophen Oral Suspension ("Children's Product"). Thus, there is no difference in the medicine sold in the Infants' Product and the Children's Product. But Defendant does not disclose this important information anywhere on the Infants' Product packaging (though the front of the box *does* explicitly compare the Product to name-brand Infants' Tylenol®). This omission causes consumers economic damage because Defendant charges substantially more money for its Infants' Product—up to *four times* as much per ounce—than for its Children's Product. Yet there is no reason for this dramatic price increase, as both medicines are identical.

## **JURISDICTION AND VENUE**

5.      Plaintiff and all members of the proposed Subclass are or were citizens of the State of California during all times relevant herein.

6.      Venue is proper in this Court because a substantial part of the events and conduct giving rise to the violations of law occurred in this county. This includes the transaction at issue— Plaintiff's purchase of the Product.

7.      Defendant is a publicly-traded corporation authorized to do business in the State of California, and, at all relevant times hereto, was engaged in the manufacturing, labeling, packaging marketing and sale of the Product in the State of California.

8.      This action is brought pursuant to the Class Action Fairness Act, 28 U.S.C. §1332 (CAFA). Jurisdiction is vested in this Court in that there is minimal diversity and the aggregate amount in controversy exceeds five million dollars ($5,000,000,000.00), exclusive of interest and costs.

9.      Accordingly, this Court has jurisdiction over the parties and the subject matter of this action, and venue is proper.

## **PARTIES**

CLASS ACTION COMPLAINT

10.     At all relevant times, Plaintiff Cameron Eidmann has resided in Santa Clara County, California. Plaintiff is the parent of three children—L.E., C.E., and O.E.—each of whom was an infant when he first purchased Infants' Product.

11.     Defendant Walgreen Co., is, and at all times mentioned in this Complaint was, a publicly traded corporation with headquarters at 200 Wilmot Road in Deerfield, Illinois 60015. Defendant can sue and be sued in this Court.

## FACTUAL ALLEGATIONS

**Acetaminophen and the Product**

12.     Acetaminophen is an active ingredient in hundreds of over-the-counter (OTC) and prescription medications. It relieves pain and fever.

13.     Acetaminophen is marketed for infants under brand names such as Infants' Tylenol, Little Fevers Infant Fever/Pain Reliever, Pedia Care Fever Reduce Pain Reliever and Triaminic Infants' Syrup Fever Reducer Pain Reliever.

14.     Prior to the acts complained of herein, acetaminophen for infants was only available with a concentration of 80 mg/mL of acetaminophen, and acetaminophen for children was only available with a concentration of 160 mg/5 mL of acetaminophen.

15.     The different concentrations caused some consumers to accidentally provide the wrong dosage of medicine to their children, causing them to overdose.

16.     In 1995, a lawsuit in San Francisco County Superior Court brought to light a potential for confusion between acetaminophen products marketed for use by infants versus children stemming from the different concentrations.

17.     Between 2000 and 2009 the FDA received reports of twenty (20) children dying from acetaminophen toxicity, and at least three (3) deaths were tied directly to mix-ups involving the two pediatric medicines.

18.     In an industry-wide effort to prevent the ongoing confusion and additional accidental acetaminophen toxicity, in 2011, manufacturers voluntarily changed the liquid acetaminophen marketed for infants from 80 mg per 0.8mL or 80mg per 1mL to be the same concentration as the liquid acetaminophen marketed for children – 160 mg per 5mL.

19. Since then, the only difference in acetaminophen products marketed for infants and children (including Defendant's Infants' Product and Children's Product) has been the price and the plastic dosing instrument included with the product.[2]

20. Defendant's Infants' Product and Children's Product have the same concentration of acetaminophen, are thus interchangeable – equally suitable for infants and children.

21. Defendant's store brand products—including Infants' Product—have been marketed as capable of delivering quality and value.

22. Since before the beginning of the Class Period, Defendant has been engaging in the unfair, unlawful, and deceptive practice of manufacturing, marketing and selling its store brand pediatric acetaminophen as two separate products (one marketed for use in infants and the other for children), such that parents mistakenly believe they must purchase the more expensive Infants' Product for their infants.

23. The front of the box of the Infants' Product displays a drawing of a small child. The outer packaging also includes the following statements, among others:

    a. "Infants' Pain & Fever"

    b. "Compare to the active ingredient in Infants' Tylenol® Oral Suspension"

24. While the packaging compares Infants' Product to a name-brand counterpart (also purportedly formulated exclusively and specifically for infants), it does not state that it is also the same medicine contained in Children's Product. Instead, the representations and images create the opposite effect. But the lack of difference in formulations between the Infants' Product and Children's Product would be important information to consumers in deciding whether to buy Infants' Product.

25. Similarly, Defendant's Children's Product leads a reasonable consumer to believe that it consists of medicine that is specific to children, as opposed to infants. The front of the box of the Children's Product displays a parent holding a child appearing to be older than a toddler. The outer packaging also includes the following statements, among others:

    a. "Children's Pain & Fever"

---

[2] *See* fn. 1, *supra*.

b. "Compare to the active ingredient in Children's Tylenol® Oral Suspension"

26. Like the packaging of the Infants' Product, nowhere on the label of the Children's Product does Defendant state that the formulation of the two medicines is entirely identical.

27. Despite this fact, the Infant Product retails for approximately $4.00 per ounce, while the Children's Product retails for $1.29 per ounce. Accordingly, the Infant Product can cost almost four times as much per ounce than the Children's Product despite being identical medicines. There is a similarly significant price differential throughout the Class Period.

28. Defendant knows that consumers with the youngest of children, such as Plaintiff, are typically more cautious about what medicine they give to their babies, especially when they are giving their babies a product that can cause accidental deaths.

29. Defendant knows these misrepresentations and omissions would be important to a reasonable consumer in deciding whether or not to purchase Infants' Product (as opposed to the identically-formulated Children's Product).

30. Defendant's deceptive and misleading advertising, marketing, packaging and sales practices harness the fear of acetaminophen toxicity to trick consumers, including Plaintiff, into purchasing and overpaying for Infants' Product when Children's Product would be just as safe and effective at a fraction of the price.

**Plaintiff's Purchase of the Product**

31. When Plaintiff's children were infants, Plaintiff and his wife would purchase infants' acetaminophen, including Defendant's Infants' Product, to relieve the children's fevers and for pain associated with teething.

32. Throughout this period, Plaintiff would shop at a Walgreens pharmacy in San Jose, California, where he would purchase Defendant's Infants' Product.

33. Plaintiff saw that Defendant's Infants' Product was marketed for babies, and believed it to be specifically formulated for babies such as his children (and pharmacologically or otherwise distinct from Defendant's Children's Product or any other children's acetaminophen product).

34. Plaintiff accordingly purchased Infants' Product from Defendant, instead of Defendant's Children's Product.

35.    Throughout Plaintiff's children's infancies, Plaintiff and/or his wife made several purchases of Infants' Product at their Walgreens pharmacy.

## TOLLING

**A.    Discovery Rule Tolling**

36.    Class Members had no way of knowing about Defendant's deceptive practices with respect to the marketing of its Infants' Product and Children's Product. Defendant's marketing of the respective products makes clear that it tried to hide the true facts that there is no pharmacological difference between the two products despite the pronounced price markup for its Infants' Product.

37.    Within the period of any applicable statutes of limitation, Plaintiff and the other Class Members could not have discovered through the exercise of reasonable diligence that Defendant was hiding its true practices.

38.    All applicable statutes of limitation have been tolled by operation of the discovery rule.

**B.    Fraudulent Concealment Tolling**

39.    All applicable statutes of limitation have also been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged herein throughout the period relevant to this action.

40.    Instead of disclosing its true practices, Defendant falsely represented that there was a meaningful difference between its Infants' Product and Children's Product, and that the former should be used by infants while the latter should be used by children.

**C.    Estoppel**

41.    Defendant was under a continuous duty to disclose to Plaintiff and the other Class Members the true character, quality, and nature of its acetaminophen products, including Infants' Product and Children's Product.

42.    Defendant knowingly, affirmatively, and actively concealed true facts from consumers.

43.    Based on the foregoing, Defendant is estopped from relying on any statutes of limitations in defense of this action.

CLASS ACTION COMPLAINT

1

## CLASS ALLEGATIONS

2      44.    Plaintiff brings this action as a class action on his own behalf and on behalf of all

3 others similarly situated under Federal Rule of Civil Procedure Rule 23, for declaratory judgment,

4 damages, restitution, injunctive relief, costs and attorneys' fees. Plaintiff seeks certification of this

5 action as a class action on behalf of the following class (the "Class"):

6              All persons who purchased Infants' Product for personal use and not

7              for resale in the United States.

8      45.    Plaintiff also bring this suit as a class action on behalf of the following subclass

9 ("California State Subclass"):

10             All persons, in the State of California, who purchased Infants'

11             Product for personal use and not for resale in California.

12     46.    The following persons are excluded from the Class and Subclass:  Defendant,

13 Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts,

14 representatives, employees, successors, assigns, or other persons or entities related to or affiliated

15 with Defendant and/or its officers and/or directors, or any of them.  Also excluded from the proposed

16 Class and Sub-Class are the Court, the Court's immediate family and Court staff.

17     47.    The members of the Class and Subclass are so numerous that joinder of all members

18 is impracticable. On information and belief, there are in excess of a thousand members of the Class.

19 Discovery will reveal, through Defendant's records, the approximate number of Class and Subclass

20 members.

21     48.    Plaintiff's claims are typical of the Class and the Subclass. Plaintiff, like all members

22 of the Class, has been subjected to Defendant's deceptive and misleading marketing (including the

23 packaging) for Infants' Product. The harm suffered by Plaintiff and the Class was and is caused by

24 the same misconduct by Defendant.

25     49.    Plaintiff will fairly and adequately represent and protect the interests of the members

26 of the Class and Subclass. Plaintiff has retained counsel highly experienced in complex consumer

27 class action litigation and intend to prosecute this action vigorously. Plaintiff is a member of both

28 the Class and Subclass described herein and do not have interests antagonistic to, or in conflict with,

7

CLASS ACTION COMPLAINT

the other members of the Class and Subclass.

50.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant would likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, and/or otherwise escape liability for their wrongdoing.

51.   Common questions of law and fact exist as to all members of the Class, which predominate over any questions that may affect individual Class members. Among the questions of law and fact common to the Class are the following:

   a.   Whether Defendant's marketing, advertising, labeling, and packaging of Infants' Product is likely to deceive reasonable consumers;

   b.   Whether Defendant's marketing, advertising, labeling, and packaging of Infants' Product caused Plaintiff and the Class to suffer economic harm;

   c.   Whether Defendant violated California Business and Professions Code §§ 17200, *et seq*;

   d.   Whether Defendant violated California Business and Professions Code §§ 17500, *et seq*;

   e.   Whether Defendant's representations and omissions are material to reasonable consumers; and,

   f.   Whether Plaintiff and the Class are entitled to restitution and if so, the appropriate measure.

52.   Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

53.   The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for the Defendant. Prosecution as a class action will eliminate the possibility of repetitious

8

litigation.

54.     Class certification is appropriate under Federal Rule of Civil Procedure Rule 23(b)(2) because Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**Violations of False and Misleading Advertising Law (FAL)**
**California's False Advertising Law, Bus. & Prof. Code §§ 17500, *et se*q.**
**(on behalf of Plaintiff and the proposed Class)**

55.     Plaintiff herby incorporates by reference each of the preceding allegations as if fully set forth herein.

56.     In marketing, advertising, labeling, and packaging Infants' Product, Defendant made, and continues to make, misleading statements in order to induce consumers into purchasing Infants' Product on a false premise.

57.     In marketing, advertising, labeling, and packaging Infants' Product, Defendant failed and continue to fail to make material disclosures, including a statement that Infants' Product is the same product as Children's Product.

58.     Defendant is aware that the claims it makes about Infants' Product are deceptive, misleading, without basis, and unreasonable.

59.     Defendant engaged in the deceptive conduct alleged above to induce the public to purchase the more expensive Infants' Product instead of Children's Product.

60.     In marketing, advertising, labeling, and packaging Infant's Product described above, Defendant knew or should have known their statements regarding the uses and characteristics of Infants' Product were false and misleading.

61.     Defendant's misrepresentations of the material facts detailed above constitute unfair and fraudulent business practices within *Cal. Bus. & Prof. C.* § 17200.

62.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

63.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a course of conduct repeated on hundreds if not thousands of occasions every day.

64.     Plaintiff was misled into purchasing Infants' Product by Defendant's deceptive conduct and misleading advertising as alleged above.

65.     In addition, Defendant's use of the Product's packaging as advertising and marketing have deceived and are likely to continue deceiving the consuming public, in violation of California Business and Professions Code § 17500.

66.     Plaintiff has suffered injury in fact and has lost money as a result of Defendant's misrepresentations and omissions. Indeed, Plaintiff purchased Infants' Product because of Defendant's misrepresentations that Infants' Product is specially formulated or uniquely suitable for infants. Plaintiff would not have purchased Infants' Product if he had known that the advertising and representations as described herein were false.

## SECOND CAUSE OF ACTION
### Violations of Consumer Legal Remedies Act (CLRA)
### California Civil Code §§ 1750, *et seq.*
### (On behalf of Plaintiff and the California Subclass)

67.     Plaintiff herby incorporates by reference each of the preceding allegations as if fully set forth herein.

68.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and lost money as a result of Defendant's actions as set forth herein.

69.     At all times relevant hereto, Defendant is a "person" as defined in Cal. Civ. C. § 1761(d).

70.     At all times relevant hereto, Defendant's Infants' Product is a "good" as defined in Cal. Civ. C. § 1761(d).

71.     At all relevant times hereto, Plaintiff's purchases of Infants' Product constitute "transactions" as defined in Cal. Civ. C. § 1761(e).

72.     The following subsections of the CLRA prohibit the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction is

intended to result or which results in the sale or lease of goods or services to any consumer:

    a.   Cal. Civ. C. § 1770(a)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not have;

    b.   Cal. Civ. C. § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised; and,

    c.   Cal. Civ. C. § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

73.     Defendant has violated and continues to violate Cal. Civ. C. §1770(a)(5) by representing that Infants' Product has sponsorship, approval, characteristics, ingredients, benefits or quantities which it does not have.

74.     Defendant has violated and continue to violate Cal. Civ. C. §1770(a)(9) by advertising Infants' Product with the intent not to sell it as advertised.

75.     Defendant has violated and continue to violate Cal. Civ. C. §1770(a)(16) by representing Infants' Product has been supplied in accordance with previous representations when it has not.

76.     Defendant has violated and continue to violate Cal. Civ. C. § 1770(a)(5), (a)(9) and (a)(16) by deceiving consumers into believing Infants' Product is specially formulated or otherwise medicinally unique for infants, as described more fully above. Indeed, Plaintiff relied on Infants' Product packaging before purchasing.

77.     Defendant's misrepresentations and omissions were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

78.     Defendant knew Infants' Product is not specially formulated or medicinally unique for infants, that Children's Product is the same product as Infants' Product, and that Children's Product is safe and suitable for infants as when given in the proper dosage amount.

79.     Plaintiff is concurrently filing the declaration of venue required by Cal. Civ. C. § 1780(d).

80.     The policies, acts, and practices hereto described were intended to result in the sale of Infants' Product to the consuming public, particularly to cautious parents with sick babies who needed medicine, and violated and continues to violate § 1770(a) (5) of the act by representing that Infants' Product has characteristics, benefits, uses, or quantities which it does not have.

81.     Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights and Defendant has acted wantonly and maliciously in its concealment of the same.

82.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant continues to make the same misrepresentations and omit material information regarding Infants' Product.

83.     Pursuant to Cal. Civ. C.  § 1780(a), Plaintiff currently seeks restitution and an order enjoining Defendant from engaging in the methods, acts and practices alleged herein, and any other relief deemed proper by the Court.

84.     On or about March 10, 2020, Plaintiff sent Defendant notice advising Defendant that it violated and continues to violate, Section 1770 of the CLRA (the "Notice"). The Notice complied in all respects with Section 1782 of the CLRA. Plaintiff sent the Notice by Certified U.S. Mail, return-receipt requested to Defendant at Defendant's principal place of business and to its registered agent in Sacramento, California. Plaintiff's Notice advised Defendant that it must correct, repair, replace or otherwise rectify its conduct alleged to be in violation of Section 1770. However, Defendant failed to do so within thirty (30) days of receipt of this notice. Plaintiff therefore seeks actual damages and punitive damages.

**THIRD CAUSE OF ACTION**
**Violations of Unfair Competition Law (UCL)**
**'Unfair' and 'Fraudulent' Prongs**
***Cal. Bus. & Prof. C.* §§ 17200, *et seq.***
**(On behalf of Plaintiffs and the Class)**

85.     Plaintiff herby incorporates by reference each of the preceding allegations as if fully set forth herein.

86.     As alleged above, Plaintiff has standing to pursue this claim as he has suffered injury in fact and lost money or property as a result of Defendant's actions. Specifically, prior to the filing

of this action, Plaintiff purchased Infants' Product for his own personal household use. In so doing, Plaintiff relied on Defendant's misrepresentations and omissions of material facts, as alleged in detail above. Had Defendant disclosed on the packaging that Infants' Product and Children's Product are identical, Plaintiff would not have purchased the more expensive Infants' Product.

87.     Defendant's conduct in marketing, advertising, labeling, and packaging Infants' Product is likely to deceive reasonable consumers. Indeed, no reasonable consumer would be willing to pay approximately 400% more for Infants' Product unless they had good reason to believe that the Infant's Product was different than the Children's Product.

88.     Defendant is aware that the claims it makes about Infants' Product are deceptive, false and misleading. Defendant is also aware consumers, such as Plaintiff, with babies are typically more cautious about what medicine to give their baby, especially when they are giving their baby a product that in the past has caused accidental deaths.

89.     The misrepresentations by Defendant make constitute unfair and fraudulent business practice within the meaning of Cal. Bus. & Prof. C.  §§ 17500, *et seq*.

90.     Defendant's business practices, as alleged herein, are unfair because: (1) the injury to the consumer is substantial—he was deceived into thinking Infants' was specially formulated or unique for infants; (2) the injury is not outweighed by countervailing benefits to consumers or competition, as there can be no benefit to consumers where they are required to pay nearly quadruple the price for the same medicine; (3) consumers could not reasonably have avoided the injury because Defendant intentionally misled the consuming public by means of its advertising, marketing and labeling of Infants'.

91.     Defendant's business practices are also unfair because their conduct in selling, advertising, marketing and labeling Infants' offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Such public policy is tethered to specific constitutional and statutory provisions, including California's consumer protection statutes.

92.     Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant is marketing and selling Infants' Product in a manner likely to

deceive the public.

93.     Defendant has peddled, and continue to peddle, its misrepresentations through a national advertising campaign.

94.     In addition, Defendant's use of the packaging to call attention to or give publicity to the sale of goods or merchandise which are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Cal. Bus. & Prof. C.  §§ 17200, *et seq.*

95.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described above.

96.     Plaintiff was misled into purchasing Infants' Product by Defendant's deceptive and fraudulent conduct as alleged above.

97.     Plaintiff was misled and, because the misrepresentations and omissions were uniform and material, presumably believed Infants' Product was specially formulated or unique for infants.

98.     Pursuant to section 17203 of the UCL, Plaintiff seek an order of this Court enjoining Defendant from engaging in the unfair and fraudulent business practices alleged herein in connection with the sale of Infants'.

99.     Additionally, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of the unfair and fraudulent business practices alleged herein.

**FOURTH CAUSE OF ACTION**
**Violations of Unfair Competition Law (UCL)**
**Unlawful Prong**
***Cal. Bus. & Prof. C.* §§ 17200, *et seq.***
**(On behalf of Plaintiffs and the Class)**

100.     Plaintiff herby incorporates by reference each of the preceding allegations as if fully set forth herein.

101.     Defendant's actions, as alleged herein, constitute illegal and unlawful business practices in violation of Cal. Bus. & Prof. C. §§ 17200, *et seq*.

102.     Defendant is unlawfully labeling, selling, marketing and advertising Infants' Product. Indeed, Defendant's violations of the FAL, CLRA and the UCL alleged above, constitute predicate

acts which violate the UCL's "unlawful" prong.

103.     Plaintiff was misled because Defendant's misrepresentations and omissions, described above, were uniform and material. Plaintiff reasonably relied on those misrepresentations and material omissions, believing based thereon that Infants' Product was specially formulated or unique for infants.  As a result of Defendant's misrepresentations and omissions, Plaintiff lost money or property.

104.     Pursuant to section 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from engaging in the unlawful business practices alleged herein in connection with the sale of Infants' Product.

105.     Additionally, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of the unfair and fraudulent business practices alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.     An order certifying that the action may be maintained as a Class Action and that Plaintiff be appointed the Class Representative and his undersigned counsel as Class Counsel;

B.     An order enjoining Defendant from pursuing the policies, acts, and practices complained of herein;

C.     Pre-judgment interest from the date of filing this suit;

D.     Restitution;

E.     Damages;

F.     Punitive damages;

G.     Reasonable attorneys' fees;

H.     Costs of this suit; and

I.     Such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, by and through their undersigned counsel, hereby request a trial by jury as to all issues so triable.

July 17, 2020                         Respectfully submitted,

Gillian L. Wade
Sara D. Avila
Marc A. Castaneda
**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**

**CARNEY BATES & PULLIAM, PLLC**
Hank Bates
David Slade (to apply *pro hac vice*)

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT